1

2

3

**JS-6**

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**SOUTHERN DIVISION**

11

12

SECURITIES AND EXCHANGE
COMMISSION,

Case No. 8:23-cv-00765-CJC(JDEx)

13

Plaintiff,

**FINAL JUDGMENT AS TO
DEFENDANT SCOTT A. MILLER**

14

v.

15

16

BRETT M. BARTLETT, SCOTT A.
MILLER, DYNASTY TOYS, INC.,
THE 7M EGROUP CORP.,
CONCEPT MANAGEMENT
COMPANY LLC, and DYNASTY,
INC.,

17

18

19

Defendants.

20

21

22

23

24

25

26

27

28

The Clerk entered default against Defendants Brett M. Bartlett, Scott A. Miller, Dynasty Toys, Inc., The 7M eGroup Corp., Concept Management Company LLC ("CMC"), and Dynasty, Inc. (collectively, "Defaulting Defendants") for failing to answer or otherwise respond to the Complaint.  Dkt. Nos. 20-25.  Plaintiff Securities and Exchange Commission ("SEC" or "Commission") moved for default judgment against all Defendants (Dkt. No. 29), which the Court GRANTED.  (Dkt. No. 35.)

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Scott A. Miller ("Miller") is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

1

1  Defendant Miller is permanently restrained and enjoined from violating Section 17(a)

2  of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer

3  or sale of any security by the use of any means or instruments of transportation or

4  communication in interstate commerce or by use of the mails, directly or indirectly:

5         (a)     to employ any device, scheme, or artifice to defraud;

6         (b)     to obtain money or property by means of any untrue statement of a

7                 material fact or any omission of a material fact necessary in order to

8                 make the statements made, in light of the circumstances under which

9                 they were made, not misleading; or

10         (c)     to engage in any transaction, practice, or course of business which

11                 operates or would operate as a fraud or deceit upon the purchaser.

12       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

13  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

14  binds the following who receive actual notice of this Judgment by personal service or

15  otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and

16  (b) other persons in active concert or participation with Defendant or with anyone

17  described in (a).

18                                    III.

19       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

20  Defendant Miller is permanently restrained and enjoined from violating Section 5 of

21  the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

22  applicable exemption:

23         (a)     Unless a registration statement is in effect as to a security, making use of

24  any means or instruments of transportation or communication in interstate commerce

25  or of the mails to sell such security through the use or medium of any prospectus or

26  otherwise;

27         (b)     Unless a registration statement is in effect as to a security, carrying or

28  causing to be carried through the mails or in interstate commerce, by any means or

1   instruments of transportation, any such security for the purpose of sale or for delivery

2   after sale; or

3          (c)     Making use of any means or instruments of transportation or

4   communication in interstate commerce or of the mails to offer to sell or offer to buy

5   through the use or medium of any prospectus or otherwise any security, unless a

6   registration statement has been filed with the Commission as to such security, or

7   while the registration statement is the subject of a refusal order or stop order or (prior

8   to the effective date of the registration statement) any public proceeding or

9   examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

10          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

11   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

12   binds the following who receive actual notice of this Final Judgment by personal

13   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

14   attorneys; and (b) other persons in active concert or participation with Defendant or

15   with anyone described in (a).

16                                              IV.

17          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to

18   Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)],

19   and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant Miller is

20   permanently restrained and enjoined from directly or indirectly, including but not

21   limited to, through any entity owned or controlled by him, participating in the

22   issuance, purchase, offer, or sale of any security; provided, however, that such

23   injunction shall not prevent Miller from purchasing or selling securities for his own

24   personal account.

25          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

26   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

27   binds the following who receive actual notice of this Final Judgment by personal

28   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

1  attorneys; and (b) other persons in active concert or participation with Defendant or

2  with anyone described in (a).

3                                         V.

4        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

5  to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of

6  the Securities Act [15 U.S.C. § 77t(e)], Defendant Miller is prohibited from acting as

7  an officer or director of any issuer that has a class of securities registered pursuant to

8  Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports

9  pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

10                                        VI.

11       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

12  Defendant is liable for disgorgement of $3,792,547.56, jointly and severally with

13  Defendant Brett M. Bartlett and Defendant Dynasty Toys, Inc.; disgorgement of

14  $4,009,341.84, jointly and severally with Defendant Brett M. Bartlett and Defendant

15  The 7M eGroup Corp.; and disgorgement of $2,028,150.28, jointly and severally with

16  Defendant Brett M. Bartlett and Defendant Concept Management Company, for a

17  total disgorgement amount of $9,830,039.68, representing net profits gained as a

18  result of the conduct alleged in the Complaint, together with prejudgment interest

19  thereon in the amount of $1,299,449.05, and a civil penalty in the amount of

20  $4,018,122 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

21  Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

22        Defendant shall satisfy this obligation by paying $15,147,610.73 to the

23  Securities and Exchange Commission within 30 days after entry of this Final

24  Judgment.  Defendant may transmit payment electronically to the Commission, which

25  will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may

26  also be made directly from a bank account via Pay.gov through the SEC website at

27  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

28  check, bank cashier's check, or United States postal money order payable to the

1 | Securities and Exchange Commission, which shall be delivered or mailed to

2 |      Enterprise Services Center

3 |      Accounts Receivable Branch

4 |      6500 South MacArthur Boulevard

5 |      Oklahoma City, OK 73169

6 | and shall be accompanied by a letter identifying the case title, civil action number,

7 | and name of this Court; Miller as a defendant in this action; and specifying that

8 | payment is made pursuant to this Final Judgment.

9 |      Defendant shall simultaneously transmit photocopies of evidence of payment

10 | and case identifying information to the Commission's counsel in this action.  By

11 | making this payment, Defendant relinquishes all legal and equitable right, title, and

12 | interest in such funds and no part of the funds shall be returned to Defendant.

13 |      The Commission may enforce the Court's judgment for disgorgement and

14 | prejudgment interest by using all collection procedures authorized by law, including,

15 | but not limited to, moving for civil contempt at any time after 30 days following entry

16 | of this Final Judgment.

17 |      The Commission may enforce the Court's judgment for penalties by the use of

18 | all collection procedures authorized by law, including the Federal Debt Collection

19 | Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the

20 | violation of any Court orders issued in this action.   Defendant shall pay post

21 | judgment interest on any amounts due after 30 days of the entry of this Final

22 | Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds,

23 | together with any interest and income earned thereon (collectively, the "Fund"),

24 | pending further order of the Court.

25 |      The Commission may propose a plan to distribute the Fund subject to the

26 | Court's approval.  Such a plan may provide that the Fund shall be distributed

27 | pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of

28 | 2002.  The Court shall retain jurisdiction over the administration of any distribution

1  of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

2       Regardless of whether any such Fair Fund distribution is made, amounts

3  ordered to be paid as civil penalties pursuant to this Judgment shall be treated as

4  penalties paid to the government for all purposes, including all tax purposes.  To

5  preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or

6  reduction of any award of compensatory damages in any Related Investor Action

7  based on Defendant's payment of disgorgement in this action, argue that he is entitled

8  to, nor shall he further benefit by, offset or reduction of such compensatory damages

9  award by the amount of any part of Defendant's payment of a civil penalty in this

10  action ("Penalty Offset").  If the court in any Related Investor Action grants such a

11  Penalty Offset, Defendant shall, within 30 days after entry of a final order granting

12  the Penalty Offset, notify the Commission's counsel in this action and pay the amount

13  of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

14  Commission directs.  Such a payment shall not be deemed an additional civil penalty

15  and shall not be deemed to change the amount of the civil penalty imposed in this

16  Judgment.  For purposes of this paragraph, a "Related Investor Action" means a

17  private damages action brought against Defendant by or on behalf of one or more

18  investors based on substantially the same facts as alleged in the Complaint in this

19  action.

20                                             VII.

21       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

22  shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

23  Judgment.

24

25

26

27

28

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 19, 2023

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE